J. W. CALLEY, Respondent, v. J. P. LOOMAS, Appellant.

Kansas City Court of Appeals, January 29, 1894.

1. **Appellate Practice:** RECORD: INSTRUCTIONS. The appellate court cannot tell whether an instruction conflicts with another which does not appear in the record.

2. **Contract:** WRITTEN OR PAROL: INSTRUCTION AS TO BURDEN OF PROOF. On the evidence in this case, an instruction that the written contract was presumed to embrace the whole agreement until the evidence showed a subsequent varying, was properly refused, and the finding held to be for the right party.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Chase & Bartlett* for appellant.

(1) The fact that the case was tried by the lower court alone, does not remove the objection, if such appears from the record, that the instructions were inconsistent or conflicting. *Krider v. Milner*, 99 Mo. 145; *Mead v. Spalding*, 94 Mo. 43; *Gatty v. Clark*, 28 Mo. App. 332. (2) Instructions must not be inconsistent. *Nichols v. Jones*, 32 Mo. App. 657; *Mortinowsky v. Hannibal*, 35 Mo. App. 70; *Stone v. Hunt*, 94 Mo. 475. (3) "Where parties have put their contract in writing, in the absence of accident, fraud or

mistake, it is conclusively presumed that the whole engagement, and the extent and manner of their undertaking was reduced to writing." *State ex rel. Yoeman v. Hoshaw*, 98 Mo. 358; *Brown v. Bowen*, 90 Mo. 185; *Tracy v. Union Iron Works*, 29 Mo. App. 342.

*Jos. S. Brooks* for respondent.

The receipt introduced in evidence does not upon its face purport to be the full contract of the parties, and did not contain the full contract of the parties. Such a writing can be explained, and the full contract shown by parol evidence. *Alexander v. Moore*, 19 Mo. 143; *Brown v. Bowen*, 90 Mo. 185; *Edwards v. Smith*, 63 Mo. 119; *Bunce v. Beck*, 43 Mo. 266; *Moss v. Green*, 41 Mo. 390; *Lumber Co. v. Warner*, 93 Mo. 374.

SMITH, P. J.—This was a suit brought to recover for a car load of potatoes alleged to have been sold and delivered to the defendant by the plaintiff. The plaintiff had judgment, and the defendant has appealed.

The only complaint made here, arises out of the action of the trial court in the giving and refusing of instructions. The defendant contends that the first instruction given for the plaintiff is inconsistent with the second given for the defendant, but as the plaintiff's first instruction is not contained in the record before us, we are unable to determine whether the defendant's contention is well founded or not.

The defendant's further contention is, that his third instruction stated the law as far as it went, and should have been given in connection with the plaintiff's third but since the plaintiff's third does not appear in the record, we are likewise unable to determine whether this contention is correct or not.

The defendant further complains that the court erred in its refusal to declare that the written contract in evidence was presumed to embrace the whole agreement between the parties thereto, and that this presumption remained until the evidence of plaintiff showed a subsequent contract varying or modifying it. The evidence showed that the contract entered into between the plaintiff and the defendant for the sale of the potatoes was verbal, but that subsequently when the defendant paid plaintiff $10 "to bind the bargain" that the former executed a receipt therefor, in which part of the contract was recited, and we cannot say that, in such case, the court erred in refusing the defendant's instruction. The instruction, in view of the evidence, was unimportant, and in no event could defendant have been prejudiced by its refusal.

As far as we can discover, the instruction given by the court on its own motion with the two given for the defendant, presented proper theories of the case under the evidence. The case was tried by the court sitting as a jury, and it seems to us, from an attentive reading of the evidence, that the finding was for the right party. No exception was saved to any ruling of the court in respect to the admission or rejection of evidence.

The appeal is wholly destitute of merit and it results that the judgment must be confirmed. All concur.